IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GERALD SHANNON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY DEMANDED |
| **CITY OF CHICAGO**, | ) |
| a municipal corporation, | ) |
| **OFFICER JOHNSON** | ) |
| **OFFICER JOHN DOE** | ) |
| | ) |
| Chicago Police Officers. | ) |

## COMPLAINT

NOW Comes the Plaintiff GERALD SHANON by and through his attorneys of DVORAK LAW OFFICES, LLC and complains against Defendants CITY OF CHICAGO, OFFICER JOHNSON AND OFFICERS JOHN DOE, stating the following:

### Jurisdiction and Venue:

1. The incident occurred on or about September, 25, 2019, in Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42. U.S.C. § 1983, § 1988 and 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States pendant jurisdiction as provided under 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b)(2) as all parties reside in this judicial district and all underlying events pertaining to the claims occurred within the district.

## Parties:

4. Plaintiff GERALD SHANNON, an African American male born in 1963, is a resident of the City of Chicago, located in Cook County, Illinois.

5. Defendant CITY OF CHICAGO is a municipal corporation located in Cook County, Illinois and at all times relevant to this complaint was the employer of Defendant Officers JOHNSON and JOHN DOE (name currently unknown)

## Facts and Claims:

6. On or about 10:00 a.m., on the Morning of September 25, 2019, the Plaintiff, a handyman, was driving to a work site at 6634 S. Wood where he was to work refinishing a basement. The Plaintiff's employer, contractor Ken Stilp (a white male) was in the car with him on the passenger side.

7. The Plaintiff was driving on 66th Street and turned South on Wood whereupon he was pulled over, at the Corner of 66th and Wood, by an unmarked Chicago Police SUV.

8. The Plaintiff had not violated any laws.

9. Officer Johnson got out of the SUV and ordered the Plaintiff to put the car in park and put his hands out the window. The Plaintiff complied.

10. Officer Johnson then told the Plaintiff to turn off the car and put his hands out of the window. The Plaintiff complied.

11. Officer Johnson then opened the driver-side car door and, reached under the Plaintiff's right arm and wrenched/pulled him out of the car, causing intense pain to his shoulder joint.

12. Officer Johnson jammed the Plaintiff's left thumb back painfully, and handcuffed the Plaintiff's hands unreasonably tightly, causing intense pain to the Plaintiff's left thumb, hand and wrist.

13. Officer Johnson then slammed the Plaintiff against his own car, smashing the right side of the Plaintiff's face into the car with enough force to chip a right molar, and causing injury to the Plaintiff's face, which became painful and swollen.

14. At no point did the Plaintiff offer any resistance or give Officer Johnson any cause to use such force upon him.

15. Mr. Stilp was also taken into custody but was handled gently and professionally.

16. Officer Johnson put the Plaintiff against the hood of the unmarked police SUV and proceeded to search the Plaintiff's car aggressively, including removing upholstery covers, for approximately 45 minutes.

17. The Plaintiff and Mr. Stilp were then driven to the parking lot of a police station which, upon information and belief, was the Seventh District. The Plaintiff complained continuously about his tight handcuffs.

18. Police personnel drove the Plaintiff's car to the same parking lot and Officer Johnson resumed his search, pulling out interior panels of the car.

19. The Plaintiff had an unbearable urge to use the bathroom. He was warned that he would be charged with a felony if he urinated in the police vehicle. After about an hour in the parking lot the Plaintiff was taken into the building to use the bathroom by Officer Johnson. One of his hands was uncuffed while he urinated.

20. Officer Johnson then strip-searched the Plaintiff. This process included instructing the Plaintiff to lift his genitals and instructing the plaintiff to bend over and cough.

21. Officer Johnson recuffed the Plaintiff, somewhat more loosely than before. The Plaintiff was taken back to the parking lot and held there for another hour while the search of the car continued.

22. The Plaintiff and Mr. Stilp were then released without any ticket or citation. The Plaintiff drove away in his own car.

23. While the Plaintiff's car was not permanently damaged, much of its interior had been dismantled and must be laboriously reassembled.

24. The Defendant Officer's unlawful conduct caused the Plaintiff physical and emotional injuries including pain to his face, teeth, gums, and left hand, wrist, and thumb.

25. The Plaintiff sought medical treatment for his injuries, especially his left (dominant hand) at Roseland Community Hospital where he was diagnosed with a sprain.

26. The Plaintiff estimates that he has lost, at the time of filing about three days or 24 hours of work at $15.00 per hour due to his injury, which is still healing.

27. The plaintiff suffered emotional injuries including but not limited to anxiety, fear, and humiliation as a result of his being detained and subjected to a strip search without probable cause.

28. The Plaintiff brings Section 1983 claims for false arrest and excessive force against Officer Johnson.

29. The Plaintiff brings Section 1983 claims against Officer John Doe for his failure to intervene to prevent the Plaintiff from being subjected to false arrest and excessive force, despite having an opportunity to do so. Upon information and belief, Officer John Doe and Officer Johnson are of equal rank within the Chicago Police Department.

30. The Plaintiff brings an Illinois common law battery claim against the City of Chicago for the conduct of its agent/employee Officer Johnson.

31. The Plaintiff brings an indemnification claim against the Defendant City of Chicago. The City is the indemnifying entity for the actions of the individual Defendants described herein who took their actions while under color of law and in the course and scope of their employment with the City of Chicago.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATE: 9/27/2019

Respectfully submitted,

By: <u>s/ Adrian Bleifuss Prados</u>

One of the Attorneys for the Plaintiff

Adrian Bleifuss Prados
Dvorak Law Offices, LLC
900 W. Jackson, Suite 5W
Chicago, IL 60607
Phone: (630) 568-3190